UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>RAMIREZ-JIMENEZ,<br><br>        Defendant. | Case No. 13-cr-00694-SI-1<br><br>**ORDER DENYING SENTENCE REDUCTION AND APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 62 |

Presently before the Court is defendant Cesar Ramirez-Jimenez's *pro se* motion seeking a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G.§1B1.10(b)(1) as amended by U.S.S.G. Amendment 782, effective November 1, 2014. Dkt. No. 62. Defendant also requests an appointment of counsel. For the reasons set forth below, this Court DENIES defendant's present motion.

**BACKGROUND**

Defendant was convicted of possession of methamphetamine with intent to distribute (Count 1) and felon in possession of firearms (Count 2) and sentenced by this Court on September 18, 2015 to 120 months of imprisonment and five years' supervised release pursuant to a plea agreement. Dkt Nos. 58, 55, 54, 53.

On March 21, 2016, defendant moved for a reduction in sentence pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G.§1B1.10(b)(1) as amended by U.S.S.G. Amendment 782. Dkt. No. 62. On April 25, 2016, U.S. Probation filed a Sentence Reduction Investigation Report that stated that defendant's sentence was the minimum mandatory term of imprisonment, and was imposed based on a downward variance from the low-end of the original guideline range. Dkt. No. 66. Probation

further advised the Court that defendant's guideline range at the time of sentencing (135 to 168 months) took into account Amendment 782 and the two-level reduction to the drug guidelines. *Id.* Therefore, according to Probation, defendant already received the benefit of Amendment 782 and is not eligible for a further reduction in his sentence.[1] *Id.*

On April 26, 2016, Pursuant to the Northern District of California's Miscellaneous Order 2014.10.14 (Post-Judgment Review of Sentences), the Office of the Federal Public Defender in the Northern District of California reviewed defendant's motion and informed the court that it was not presently seeking appointment, would not intervene in the matter, and had nothing further to add to defendant's request. Dkt. No. 67.

**LEGAL STANDARD**

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013); *see also* 28 U.S.C. § 994(o). The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date defendant was sentenced. 28 U.S.C. §§ 994(o), (u). On November 1, 2014, Amendment 782 to the U.S.S.G. became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the

---

[1] Probation also investigated whether defendant's case may have been eligible for a previous reduction pursuant to Amendments 715 and 750 (the crack cocaine retroactive amendments), and still advised the Court against reducing defendant's sentence. Dkt. No. 66.

sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); *Dillon*, 560 U.S. at 826-28.

## DISCUSSION

A sentence reduction is not warranted in defendant's case. Defendant's sentence was the minimum mandatory term of imprisonment, and was imposed based on a downward variance from the low-end of the original guideline range. Defendant's guideline range at the time of sentencing (135 to 168 months) took into account Amendment 782 and the two-level reduction to the drug guidelines. Because defendant already received the benefit of Amendment 782, he is not eligible for a further reduction in his sentence.

Defendant is not entitled to an appointment of counsel at this time.

## CONCLUSION

The Court DENIES defendant's motion for sentence reduction and appointment of counsel.

**IT IS SO ORDERED**.

Dated: May 12, 2016

SUSAN ILLSTON
United States District Judge