UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>            Plaintiff,<br>    v.<br>RAMIREZ-JIMENEZ,<br>            Defendant. | Case No. 13-cr-00694-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 76 |

Before the Court is defendant Cesar Ramirez-Jimenez's amended motion for compassionate release filed on October 20, 2021. Dkt. No. 76.[1] For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Pursuant to a plea agreement, on September 18, 2015, the Court sentenced defendant to a mandatory minimum of 120 months imprisonment for (1) possession with intent to distribute six pounds of methamphetamine, and (2) being a felon in possession of a firearm (varying downward from the applicable USSG range of 135-168 months). Dkt. No. 56, 58. Defendant is scheduled to be released from the Bureau of Prisons facility in Big Spring, Texas on March 13, 2022. At present, defendant has served approximately 98 months of his 120-month sentence.

Defendant filed his initial motion for compassionate release on August 13, 2021. Dkt. No. 71. The Court appointed counsel, Dkt. No. 72, and counsel filed defendant's amended motion for compassionate release on October 20, 2021. Dkt. No 76.

---

[1] For ease of reference, all page number citations refer to the ECF branded number in the upper right corner of the page.

Defendant's compassionate release motion states that he has "chronic asthma and allergies" which make him particularly vulnerable to an acute COVID-19 infection. Dkt. No. 76 at 4. Earlier this year, on January 24, 2021, defendant tested positive for COVID-19. *Id*. at 23, Ex. D. Subsequent diagnostic imaging in February indicated "no acute cardiopulmonary process." Dkt. No. 77 at 8, Ex. I. Defendant received his COVID vaccine on May 6, 2021. Dkt. No. 76 at 26, Ex. D. Defendant receives ongoing treatment for his chronic asthma and allergies. Dkt. No. 76-1, Ex. B. The government submits that over half of the population at defendant's BOP facility is vaccinated and there were no active COVID infections at the time of briefing. Dkt. No. 77 at 4.

Due to defendant's undocumented status, Immigrations and Customs Enforcement issued a detainer on defendant to take effect after his release. Dkt. No. 81, Ex. L. In his motion, defendant requests that, if compassionate release is granted, he would prefer to be deported to Mexico rather than be placed into ICE custody, and alternatively, would prefer to be placed with family members in San Jose, California pending any deportation proceedings. After the filing of defendant's motion, the US Probation Office investigated the San Jose residence and found no issues with the proposed plan but would recommend a special term of supervision.

## LEGAL STANDARD

In accordance with the First Step Act, a district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights ... after considering the [applicable] factors set forth in section 3553(a) ... if it finds that ... extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Congress, however, provided no statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Instead, Congress left it to the Sentencing Commission to promulge policy statements regarding what circumstances qualify as extraordinary and compelling. *Id*. The most applicable policy statement is found in USSG § 1B1.13, which provides that "upon motion from the Director of the Bureau of Prisons," the Court may reduce a term of imprisonment based on defendant's terminal or serious medical conditions, the defendant's age, family circumstances, or "other reasons." USSG

1  § 1B1.13 (Note 1). The policy statement at USSG § 1B1.13 also provides that early release may be
2  warranted so long as "the defendant is not a danger to the safety of any other person or to the
3  community." While USSG § 1B1.13 is not a binding "applicable policy statement" for motions
4  brought by defendants, *Aruda*, 993 F.3d at 802, the policy statement may nonetheless "inform a
5  district court's discretion." *Id*.

**DISCUSSION**

The Court has carefully considered the parties' arguments and concludes that compassionate release is not warranted. Defendant is 35 years old. Although defendant's health conditions may have made him more susceptible to an acute COVID-19 infection, the record indicates that defendant experienced and recovered from a COVID-19 infection without lasting complications and continues to receive medical care for his underlying conditions. Further, defendant's vaccinated status and the vaccination rate at Big Spring Correctional Institution both weigh against finding defendant's health conditions as "extraordinary and compelling" reasons for early release.[2]

The Court also finds defendant's criminal history and pattern of repeat offenses counsel against release. Defendant first entered the United States unlawfully in May 2008. Dkt. No. 56. ¶ 42. Three months later, defendant received a felony conviction for possessing methamphetamine for sale. *Id*. ¶ 32. Defendant was deported after serving his sentence. Defendant again re-entered the United States unlawfully. On August 8, 2013, defendant sustained misdemeanor convictions for driving under the influence of alcohol and driving on a suspended license. *Id*. ¶ 33, 38; Dkt. No. 53 at 2. The arrest that led the to the present convictions occurred just one week later. The Court is thus unable to conclude that defendant is "not a danger to the safety of any other person or to the community."

---

[2] Given the recent surge in the Omicron variant, however, the Court's denial is without prejudice to future refiling if conditions substantially deteriorate.

**CONCLUSION**

Defendant's motion for compassionate release is DENIED.

**IT IS SO ORDERED**.

Dated: December 28, 2021

_____
SUSAN ILLSTON
United States District Judg